UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KATHERINE LONDRES )
    PLAINTIFF )
 )
v. )
 )
OMNI LOUISVILLE, LLC )
    4002 Maple Avenue Suite 600 )
    Dallas, Texas 75219 )
 )
**Serve:** )
    **Corporation Service Company** )
    **Registered Agent** )
    **421 West Main Street** )  CIVIL ACTION NO. 3:20-cv-830-BJB
    **Frankfort, Kentucky  40601** )
 )
LINCOLN BP MANAGEMENT, INC. )
    P.O. Box 1920 )
    Dallas, Texas 75221 )
 )
**Serve:** )
    **CT Corporation System** )
    **Registered Agent** )
    **306 W. Main Street** )
    **Suite 512** )
    **Frankfort, Kentucky  40601** )
 )
    DEFENDANTS )

## **VERIFIED COMPLAINT**

Plaintiff, Katherine Londres ("Londres") by and through counsel, for her Verified Complaint against the Defendants Omni Louisville, LLC, ("Omni") and Lincoln BP Management, Inc. ("Lincoln" and collectively "Defendants"), hereby states as follows:

## **PARTIES**

1.    Plaintiff Katherine Londres currently resides in Jefferson County (Louisville), Kentucky.

2. Defendant Omni Louisville, LLC is a foreign limited liability company authorized to conduct business in the Commonwealth of Kentucky.

3. Defendant Lincoln BP Management, Inc. is a foreign corporation authorized to conduct business in the Commonwealth of Kentucky.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 inasmuch as the matter arises under the laws of the United States, as well as 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000 and diversity of citizenship amongst the parties.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Londres resides in this judicial district and because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTUAL BACKGROUND

6. Londres is an adult female with permanent physical disabilities as a paraplegic such that she is confined to a wheelchair.

7. In or around September of 2019, Londres traveled from the Philadelphia area to Louisville, Kentucky along with her parents seeking medical treatment and rehabilitation services for her physical disabilities at the Frazier Rehabilitation Institute ("Frazier").

8. The Louisville Omni Hotel ("Hotel"), owned by Defendant Omni, is located in downtown Louisville and in close proximity to Frazier.

9. Hotel is a mixed use development that in addition to having hotel rooms, also contains a restaurant, grocery store, multiple bars, and a bowling alley to name a few of its many amenities accessible to the public.

10. Also located in the Hotel building are luxury apartment units called "The

Residences at Omni Louisville" ("The Residences"). The Residences are also owned by Defendant Omni. It is Londres's understanding and belief that Lincoln is the property manager of The Residences as agent and on behalf of Defendant Omni.

11. Londres's medical care in Louisville for her disability is an ongoing process and as such, she needed a place to live that is both safe and conveniently located to Frazier. The Residences, which includes access to the Hotel and its many aforementioned amenities, appeared to be the best fit for Londres so it seemed.

12. In September of 2019 Londres became an occupant of The Residences along with her parents, and is where she currently resides as of the filing of this Complaint. A thirteen (13) month lease was executed in September, 2019 followed by a fifteen (15) month lease executed in August of this year.

13. Londres found shortly after becoming an occupant at The Residences that it, as well as the Hotel, do not have any common areas that are accessible to individuals with physical disabilities that confine them to a wheelchair. As a result, Londres's movement and enjoyment of The Residences and/or Hotel is substantially limited and adversely hindered without the help of others. Also, Londres's safety is compromised when she cannot enter or move freely throughout the building and at times has to rely on a stranger to help her get into the building.

14. The Londres family on numerous occasions both verbally and in writing communicated to Lincoln the lack of handicap accessible doors and access points throughout The Residences and Hotel.

15. The Londres family requested that structural modifications and/or accommodations be made by Omni throughout The Residences and Hotel so that Katherine – and any other resident or patron with physical disabilities – could freely (and safely) navigate and move

throughout the building like any nondisabled individual.

16. The Londres family's requests for accommodations and/or architectural modifications went on for several months with the Defendants. Lincoln representatives repeatedly communicated to the Londres family that their accommodation requests were submitted to Omni who was supposedly "looking into the matter".

17. Frustrated by the constant inaction and delays on part of the Defendants, Plaintiff retained undersigned counsel in an attempt to resolve the unsavory discriminatory practices she was being subjected to at the hands of the Defendants.

18. On around November 20, 2020 undersigned counsel sent correspondence to both Omni and Lincoln. The correspondence, among other things, went into great detail regarding: the door locations throughout the building that were not handicap accessible and as a result needed accommodations and/or modifications; the numerous prior communications (verbal and oral) between the Londres's family and Lincoln representatives regarding the accessibility issues and need for accommodations for the Plaintiff; and reference to state and federal laws Defendants violated as a result of their lack of handicap accessible areas throughout the building. Last, the letter requested a suitable response within ten (10) days of its receipt to resolve these issues. A copy of undersigned counsel's correspondence to the Defendants is attached herein at Exhibit A.

19. As of the filing of this lawsuit, Defendants have still done nothing to address and resolve the discriminatory issues stated herein for Plaintiff. Such inaction represents an outright refusal by Defendants to right an unlawful wrong and leaves Plaintiff no choice but to file this lawsuit.

## CAUSES OF ACTION

### COUNT I:

### DEFENDANTS VIOLATED 42 U.S.C. §3604 OF THE FAIR HOUSING ACT BY DISCRIMINATING AGAINST LONDRES.

20. Londres restates and incorporates by reference paragraphs 1 through 19 of this Verified Complaint as fully set forth herein.

21. Londres is "handicapped" as that term is defined under 42 U.S.C. §3602.

22. Londres's multiple requests to the Defendants for reasonable accommodations and/or modifications to structures in the building so she could move freely and safely throughout The Residences and/or Hotel like any other non-disabled person were reasonable and necessary.

23. Londres's accommodation and/or modification requests have been ignored by Defendants.

24. Without the accommodations and/or modifications requested by Londres being implemented by the Defendants she has been, and continues to be, discriminated against and denied an equal opportunity to enjoy both The Residences and Hotel facilities like any other nondisabled person pursuant to 42 U.S.C. §3604 of the Fair Housing Act.

### COUNT II:

### DEFENDANTS VIOLATED TITLE III OF THE AMERICAN WITH DISABILITIES ACT, 42 U.S.C. §12182

25. Londres restates and incorporates by reference paragraphs 1 through 24 of this Verified Complaint as fully set forth herein.

26. Londres suffers from a "disability" as that term is defined under Title III, Subpart A of the Americans with Disabilities Act, 28 CFR §36.105.

27. Defendants own, lease, and/or operate The Residences and Hotel which both contain places of public accommodation.

28. Defendants discriminated against Londres on the basis of her disability and she was therefore precluded from full and equal enjoyment of public accommodation at either The Residences and/or Hotel pursuant to Title III of the ADA, 42 U.S.C. §12182.

29. Defendants failed to remove the architectural barriers that exist at The Residences and/or Hotel as a reasonable accommodation and/or modification even though such removal is readily achievable and necessary.

## COUNT III:

### DEFENDANTS VIOLATED THE KENTUCKY CIVIL RIGHTS ACT

30. Londres restates and incorporates by reference paragraphs 1 through 29 of this Verified Complaint as fully set forth herein.

31. Londres has a "disability" as that term is defined under KRS 344.010 of the Kentucky Civil Rights Act ("KCRA").

32. Defendants refused to make reasonable accommodations and/or modifications that would provide Londres similar and equal opportunity to use and enjoy Hotel's and/or The Residence's common access points and doorways pursuant to KRS 344.360.

33. Defendants have, and continue, to discriminate against Londres based on her disability in violation of the KCRA.

## COUNT IV:

### INTENTIONAL INFLICITON OF EMOTIONAL DISTRESS

34. Londres restates and incorporates by reference paragraphs 1 through 33 of this Verified Complaint as fully set forth herein.

35. Defendants behavior in not addressing Londres' reasonable accommodations and/or modifications is intentional and reckless.

36. Defendants' egregious behavior has caused Londres severe emotional distress regarding her unacceptable living conditions.

## COUNT V:
## PUNITIVE DAMAGES

37. Londres restates and incorporates by reference paragraph 1 through 36 of this Verified Complaint as fully set forth herein.

38. Defendants' discriminatory acts described herein against Londres were acts performed intentionally, willfully, recklessly and maliciously in derogation of Plaintiff's rights.

39. Defendants' failure to provide accommodations and/or modifications to The Residences and/or Hotel required by law as described herein was performed intentionally, willfully, recklessly and maliciously such that Plaintiff has not been able to fully enjoy and utilize either facility as individuals without disabilities are able to do so.

40. Plaintiff is entitled to an award of punitive damages against Defendants as well as associated costs, including attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Katherine Londres respectfully requests that this Court grant:

A. Permanent injunctive relief requiring Defendants to modify all applicable access structures as described herein that are in violation of: Title III of the Americans with Disabilities Act, Fair Housing Act, and Kentucky Civil Rights Act;

B. Judgment against Defendants in an amount to be determined to cover all compensatory and punitive damages resulting from their unlawful, discriminatory acts as described herein;

C. A trial by jury on all triable issues;

D. Award Plaintiff her attorney fees; and

E. Any and all other legal and equitable relief the Court deem proper and appropriate for which Plaintiff is entitled.

Respectfully submitted,

/s/Brian A. Veeneman
Brian A. Veeneman
R. Joseph Stennis, Jr.
Wyatt Tarrant & Combs, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
bveeneman@wyattfirm.com
jstennis@wyattfirm.com
502-589-5235

*Counsel for Plaintiff Katherine Londres*

8

**VERIFICATION**

I, Katherine Londres, having read the foregoing Verified Complaint, know the contents thereof. The same is true of my own knowledge, except to this matters where are therein stated on information and belief, and as to those matters, I believe them to be true.

_Katherine Londres_
KATHERINE LONDRES

STATE OF _New Jersey_ )
COUNTY OF _Burlington_ )

The foregoing Verification was acknowledged and sworn to be before me this _11_, day of December, 2020, by Katherine Londres.

_Beth A. Van Fossen_
NOTARY PUBLIC

Printed Name:_____

Notary ID:_____

My commission expires:_____

Beth A. Van Fossen
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES NOV. 19, 2022

100409555.3